IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LENNIL L. JOHNSON,
No. 27826,

       Petitioner,

vs.                                       Case No. 14-cv-00387-DRH

ST. CLAIR COUNTY SHERIFF'S DEPT.,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Lennil L. Johnson, having been held in the St. Clair County Jail for more than 120 days on criminal charges without a trial, has filed a petition pursuant to 28 U.S.C. § 2241 seeking immediate release. Petitioner contends his continued custody violates his right to due process under the Illinois Speedy Trial Act, 725 ILCS 5/103-5.

    This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241.

As a preliminary matter, it is noted that the St. Clair County Sheriff's Department is named as the sole respondent. The proper respondent in a habeas corpus proceeding is the person who has *immediate* custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla,* 542 U.S. 426, 434–35 (2004); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Consequently, the Sheriff, not the Sheriff's Department, is the proper respondent. *See Bridges v. Chambers,* 425 F.3d 1048, 1049 (7th Cir. 2005) (any respondent who is not the prisoner's custodian should be dropped from the action). This error can, of course, be remedied easily, but the petition is otherwise flawed and must be dismissed.

In the interest of comity between federal and state courts, a habeas petitioner must exhaust his state court remedies before seeking relief in federal court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-92 (1973); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). In order to exhaust a claim, a federal habeas petitioner must provide the state courts with an opportunity to resolve his constitutional challenge "by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). According to the petition, Johnson has presented his argument to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, as well as the Illinois Judicial Inquiry Board and the Attorney Registration and Disciplinary Commission. After no success in the Circuit Court, there is no indication petitioner proceeded to the appellate court or the Supreme Court of

Illinois. Thus, it does not appear that petitioner has exhausted his state remedies. Regardless, the petition fails on its merits.

Pursuant to 2241(c)(3), federal courts have jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ to a pretrial detainee in state custody. *Neville v. Cavanagh*, 611 F.2d 673, 674 (7th Cir. 1979) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, a violation of a state statutory right, such as 725 ILCS 5/103-5, is not a basis for habeas relief.

> The only basis for granting federal habeas relief is a violation of federal statutory or constitutional law. *Mosley v. Moran*, 798 F.2d 182, 185 (7th Cir. 1986). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982).

*Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987). Petitioner does not reference the Sixth Amendment, let alone offer a federal constitutional argument. *See United States v. Loera*, 565 F.3d 406, 412 (7th Cir.), *cert. denied*, 558 U.S. 1035 (2009) (despite the Sixth Amendment being mentioned in the petition, no argument was presented; rather, the petition rested on state law, warranting dismissal).

Lastly, the issue appears to be moot, in that petitioner has filed a change of address notification indicating that he is no longer in custody; rather his new address of record is a residence discussed in the documentation attached to the petition.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DISMISSED** with prejudice. This action is closed and judgment shall be entered accordingly.

**IT IS SO ORDERED.**
**Signed this 18th day of April, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.04.18
10:34:03 -05'00'

**Chief Judge**
**United States District Court**